UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MT. HAWLEY INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| CITY OF RICHMOND HEIGHTS, | ) | |
| MISSOURI | ) | |
| | ) | |
| Defendant. | ) | |

## ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Mt. Hawley Insurance Company ("Mt. Hawley"), pursuant to 28 U.S.C. §2201(a) and Fed.R.Civ.P. 57, files this Original Complaint for Declaratory Relief against Defendant, The City of Richmond Heights, Missouri ("Richmond Heights") and, in support thereof, states the following:

### I.
### PARTIES

1.     Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley") is a corporation organized under the laws of the State of Illinois, with its principal place of business in Peoria, Illinois, and is, therefore, a citizen of Illinois, as defined by 28 U.S.C. §1332.  Thus, Mt. Hawley is a citizen of the State of Illinois, and is not a citizen of the State of Missouri.

2.     Defendant City of Richmond Heights, Missouri ("Richmond Heights") is a home rule municipal corporation located in St. Louis County, Missouri, and is, therefore, a citizen of the State of Missouri, and not a citizen of the State of Illinois.  Service of process may be accomplished on Richmond Heights by serving its Mayor, Jim Thomson, at 1330 S. Big Bend Blvd., Richmond Heights, MO 63117.

**II.**
**JURISDICTION AND VENUE**

3.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because Mt. Hawley and Richmond Heights are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs, in that Richmond Heights has presented the claim referenced below to Mt. Hawley seeking in excess of $75,000.

4.    The Court also has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §2201.  An actual and substantial controversy exists between the parties.   By this action, Mt. Hawley seeks a declaration that an insurance policy issued to Richmond Heights does not provide coverage for the insurance claim made by Richmond Heights as described herein. This suit is necessary because Richmond Heights' representative has indicated that litigation will be necessary to resolve the dispute between the parties.

5.    Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. §1391(b)(1) and (2).

**III.**
**FACTUAL BACKGROUND**

6.    Mt. Hawley issued Commercial Property Policy No. MCP0168469 to Richmond Heights effective 8/01/19 to 8/01/20 (hereinafter the "Policy," a certified copy of which is attached hereto as **Exhibit A**).

7.    The Policy provides, subject to all terms, conditions, limitations, and exclusions therein, potential coverage for the actual loss of Business Income, defined as Sales Tax Revenue that would have been earned, due to the necessary "suspension" of "operations" caused by the direct physical loss of or damage to property at the premises described in the Declarations and for which a Business Income Limit of Insurance is shown in the Declarations (the "Premises").  Thus,

the Premises are not properties owned by Richmond Heights, but rather, properties from which Richmond Heights collects property tax revenue.

8.      The Policy also provides potential coverage for the actual loss of Business Income caused by action of civil authority that prohibits access to the Premises due to direct physical loss of or damage to property, other than that at the Premises, subject to all terms, conditions, limitations and exclusions of the Policy.

*The COVID-19 Claim*

9.      On May 21, 2020, Richmond Heights presented a claim to Mt. Hawley under the Policy for alleged loss of Business Income associated with the Coronavirus ("COVID-19") pandemic (the "Claim").

10.     According to Richmond Heights, St. Louis County, Missouri, where Richmond Heights is located, issued a "stay-at-home" Order pertaining to COVID-19. A copy of the "stay-at-home Order issued by St. Louis County, Missouri, dated March 21, 2020, is attached hereto as **Exhibit B** (the "Order").

11.     Richmond Heights claims the Order caused a loss of Business Income in the form of decreased sales tax revenues from the Premises.

12.     The stated purpose of the Order was as a preventative measure to slow the spread of COVID-19 within St. Louis County. Since the Order was issued other Orders were issued by St. Louis County, Missouri pertaining to COVID-19.

13.     Neither the Order, nor any other proclamation, order, or declaration, has ever required the suspension or cessation of operations at the Premises caused by direct physical loss of or damage to property at the Premises.

14.     Neither the Order, nor any other proclamation, order, or declaration, has ever prevented access to the Premises due to direct physical loss of or damage to property, other than at the Premises.

15.     On September 15, 2020, Mt. Hawley denied the Claim.

## IV.
## THE POLICY

16.     The Claim was submitted under the Policy, which provides potential coverage for loss of sales tax revenue subject to all terms, conditions, limitations, and exclusions therein.

17.     The Policy provides, in pertinent part, as follows:

**LOSS OF SALES TAX REVENUE COVERAGE FORM**

....

**A. Coverage**

**1. Business Income**

Business Income means:

a. Sales Tax Revenue that would have been earned

We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or damage to property at premises which are described in the Declarations and for which a Business Income Limit of Insurance is shown in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss.

**2.   Covered Causes of Loss, Exclusions and Limitations**

See applicable Causes of Loss Form as shown in the Declarations.

....

**4. Additional Coverages**

**b. Civil Authority**

We will pay for the actual loss of Business Income you sustain caused by action of civil authority that prohibits access to the described premises due to direct physical loss of or damage to property, other that at the described premises, caused by or resulting from any Covered Cause of Loss.  This coverage begins 72 hours after the time of the action, and will apply for a period of up to three consecutive weeks from the date on which the coverage begins.

d. Extended Business Income

**(1) Business Income Other Than "Rental Value"**

If the necessary "suspension" of "operations" produces a Business Income loss payable under this policy, we will pay for the actual loss of Business Income you incur during the period that:

**(a)** Begins on the date property (except "finished stock") is actually repaired, rebuilt or replaced and "operations" are resumed; and

**(b)** Ends on the earliest of:

**(i)** The date the "operations" could be restored, with reasonable speed, to the level which would generate the business income amount that would have existed if no direct physical loss or damage had occurred; or

**(ii)** 60 consecutive days after the date determined in **(1)(a)** above.

However, Extended Business Income does not apply to loss of Business Income incurred as a result of unfavorable business conditions caused by the impact of the Covered Cause of Loss in the area where the described premises are located.

Loss of Business Income must be caused by direct physical loss or damage at the described premises caused by or resulting from any Covered Cause of Loss.

*** ***

**F. Definitions**

**1.** "Operations" means:

**a.** Your business activities occurring at the described premises; and

**b.** The tenant ability of the described premises, if coverage for Business Income Including "Rental Value" or "Rental Value" applies.

**2.** "Period of restoration" means the period of time that:

    **a.** Begins:  72 hours after the time of direct physical loss or damage caused by or resulting from any Covered Cause of Loss at the described premises; and

    **b.** Ends on the earlier of:

        **(1)** The date when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed and similar quality; or

        **(2)** The date when business is resumed at a new permanent location.

        "Period of restoration" does not include any increased period required due to the enforcement of any ordinance or law that:

        **(1)** Regulates the construction, use or repair, or requires the tearing down, of any property; or

        **(2)** Requires any insured or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants".

    The expiration date of this policy will not cut short the "period of restoration".

…

4. "Sales Tax Revenue" means Business Income that consists of:

    a. Sales Taxes Revenue that could have been earned or incurred from the premises described in the Declarations

**5.** "Suspension" means:

    **a.** The slowdown or cessation of business activities; or

    **b.** That a part or all of the described premises is rendered untenantable, if coverage for Business Income applies.

**\*\*\* \*\*\***


**CAUSES OF LOSS - SPECIAL FORM**

....

## A. Covered Causes Of Loss

When Special is shown in the Declarations, Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is:

**1.** Excluded in Section **B.**, Exclusions; or

**2.** Limited in Section **C.**, Limitations;

that follow.

## B. Exclusions

**1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

### a. Ordinance Or Law

The enforcement of any ordinance or law:

**(1)** Regulating the construction, use or repair of any property; or

**(2)** Requiring the tearing down of any property, including the cost of removing its debris.

This exclusion, Ordinance Or Law, applies whether the loss results from:

**(a)** An ordinance or law that is enforced even if the property has not been damaged; . . . .

**2.** We will not pay for loss or damage caused by or resulting from any of the following:
. . .
**b.** Delay, loss of use or loss of market.
. . .
**3.** We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

. . .

**b.** Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

\*\*\* \*\*\*

### ABSOLUTE POLLUTION EXCLUSION ENDORSEMENT

This endorsement replaces any existing terms and/or exclusions regarding pollution liability within this policy.

We will not pay for loss, damage, cost or expense caused directly or indirectly by any of the following. Such loss, damage, cost or expense is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss:

**A.** Property damage arising out of the actual, alleged or threatened discharge, dispersal, release or escape of "pollutants," or contaminants;

**1.** At or from premises owned, leased, rented or occupied by you,

**2.** At or from any site or location used by or for you or others for the handling, storage, disposal, processing or treatment of waste,

**3.** Which are at any time transported, handled, stored, treated, disposed of or processed as waste by or for you or any person or organization for whom you may be legally responsible, or,

**4.** At or from any site or location on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations;

a. If the "pollutants" are brought on or to the site or location in connection with such operations, or

b. If the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize the "pollutants."

**B.** Any loss, damage, cost or expense arising out of any governmental direction or request that you test for, monitor, clean up, treat, remove, detoxify or neutralize "pollutants" or in any way respond to or assess the effects of "pollutants."

This includes loss or damage caused by or resulting from contributing to or made worse by actual, alleged or threatened release, discharge, escape or dispersal of contaminants and/or pollutants, all of which direct or indirect, proximate or remote, or in whole or in part, caused by, contributed to, or aggravated by any damage insured by the policy.

**"Pollutants"** means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. In addition to "pollutants" to be disposed of, waste also includes materials to be

recycled, reconditioned or reclaimed. It also includes any material which after its release, dispersal or discharge, can cause or threaten damage to human health and/or human welfare, or causes or threatens damage, deteriorations, loss of value, marketability and/or loss of use, to insured property; including, but not limited to bacteria, fungi, virus, or hazardous substances as listed in the Federal Pollution Control Act, Clean Air Act, Resource Conservation and Recovery Act of 1976 and/or Toxic Substances Control Act or as designated by the U.S. Environmental Protection Agency.

## V.
## DECLARATORY JUDGMENT

18.     Mt. Hawley incorporates by reference the allegations in the paragraphs stated above.

19.     The circumstances of the Claim and the provisions of the Policy conclusively establish that there simply is no coverage under the Policy for the Claim because Richmond Heights has not sustained an actual loss of Business Income due to the necessary "suspension" of "operations" caused by direct physical loss of or damage to property at the Premises caused by or resulting from a Covered Cause of Loss, nor has any action of civil authority prohibited access to the Premises due to direct physical loss of or damage to property, other than at the described premises, caused by or resulting from any Covered Cause of Loss.

20.     The Loss of Sales Tax Revenue coverage provided by the Policy applies to the actual loss of Business Income Richmond Heights sustains due to the necessary "suspension" of "operations" during the "period of restoration." The "suspension" must be caused by direct physical loss of or damage to property at the Premise caused by or resulting from a Covered Cause of Loss. Similarly, any coverage for Extended Business Income requires that the loss of Business Income must be caused by direct physical loss or damage at the Premises caused by or resulting from a Covered Cause of Loss. Here, there was no direct physical loss of or damage to property at the Premises. Rather, Richmond Heights contends that operations at the Premises were affected

by the Order issued by civil authorities in St. Louis County, Missouri to minimize the spread of COVID-19. Accordingly, Richmond Heights has not sustained any actual loss of Business Income or Extended Business Income caused by direct physical loss of or damage to property at the Premises caused by or resulting from a Covered Cause of Loss that would trigger its Business Income or Extended Business Income coverage under the Loss of Sales Tax Revenue Coverage Form.

21.     The Civil Authority Coverage does not apply because neither the Order, nor any other action of civil authority, prohibited access to the Premises due to direct physical loss of or damage to property, other than at the described premises, caused by or resulting from any Covered Cause of Loss. The Order was implemented as a preventative measure to minimize the spread of COVID-19. Accordingly, there is no coverage for the Claim under the Civil Authority Coverage provided in the Loss of Sales Tax Revenue Coverage Form.

22.     Additionally, the Policy specifically provides that Mt. Hawley will not pay for loss or damage caused directly or indirectly by the enforcement of any ordinance or law regulating the use of any property, and such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. Accordingly, there is no coverage for the Claim under the Policy.

23.     Additionally, the Policy specifically provides that Mt. Hawley will not pay for loss or damage caused by or resulting from any delay, loss of use or loss of market. Accordingly, there is no coverage for the Claim under the Policy.

24.     Additionally, the Policy specifically provides that Mt. Hawley will not pay for loss or damage caused by the acts or decisions of any person, group, organization or governmental body. Accordingly, there is no coverage for the Claim under the Policy.

25.     Additionally, the Absolute Pollution Exclusion Endorsement specifically excludes coverage for loss or damage caused directly or indirectly by the actual, alleged, or threatened discharge, dispersal, release or escape of pollutants or contaminants, including virus, and such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.  Accordingly, coverage for the Claim is excluded under the Absolute Pollution Exclusion Endorsement.

26.     Accordingly, Mt. Hawley requests that this Court declare the rights of the parties regarding the actual controversies existing between them as set forth herein and enter judgment finding and declaring that there is no coverage under the Policy for Richmond Heights' Claim and that Mt. Hawley does not owe Richmond Heights any sums under the Policy in connection with the Claim.

## VI.
## JURY DEMAND

27.     Mt. Hawley hereby requests that this civil action be tried before a jury.

WHEREFORE, Plaintiff Mt. Hawley Insurance Company prays that this Court enter judgment finding and declaring: (1) that there is no coverage under the Policy for The City of Richmond Heights' Claim; (2) that Mt. Hawley Insurance Company does not owe The City of Richmond Heights any sums under the Policy in connection with the Claim; and (3) for such other and further relief as the Court deems just and fit under the circumstances.

Respectfully submitted,


*/s/ Timothy J. Wolf*
Timothy J. Wolf, #53099
Brown & James, P.C.
800 Market, Suite 1100
St. Louis, Missouri 63101
314-242-5350
314-242-5550 (fax)
twolf@bjpc.com


*/s/ Greg K. Winslett*
GREG K. WINSLETT
State Bar No. 21781900
RICHARD L. SMITH, JR.
State Bar No. 18671200
QUILLING SELANDER LOWNDS
WINSLETT & MOSER PC
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (Fax)
gwinslett@qslwm.com
rsmith@qslwm.com

**ATTORNEYS FOR MT. HAWLEY
INSURANCE COMPANY**


#24885677.1