**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| MT. HAWLEY INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:20-cv-01587-SEP |
| | ) |
| CITY OF RICHMOND HEIGHTS, | ) |
| MISSOURI, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Reconsideration. *See* Docs. [56], [57]. Both motions are fully briefed. For the reasons set forth below, the Court denies the Motion for Reconsideration and grants the Motion for Judgment on the Pleadings.

**FACTS AND BACKGROUND**

This lawsuit arises out of an insurance coverage dispute between Mt. Hawley Insurance Company and the City of Richmond Heights, Missouri, the details of which are set out at length in the Court's March 14, 2022, Order ("Dismissal Order"). *See* Doc. [52]. In that order, the Court granted Mt. Hawley's motion to dismiss the City's counterclaim on all counts and held that the City had failed to state a claim for coverage under the Business Income, Civil Authority, and Additional Covered Property Endorsement (ACPE) provisions. The City alleged that a COVID-19-related executive order required all non-essential businesses to close temporarily, resulting in a loss of sales tax revenues. *Id.* at 1, 5, 7-8. The Court held that the Business Income and Civil Authority provisions did not cover such losses, because both provisions required the City to show "direct physical loss of or damage to property." *Id.* at 5-8 (quoting Doc. [15-1] at 30). The Court also held that the ACPE did not independently grant coverage for lost sales tax revenues. Doc. [52] at 8-9. And the Court concluded that it would be futile for the City to amend its counterclaim to add allegations that COVID-19 was present on the premises because the presence of COVID-19 does not cause a "direct physical loss of or destruction of property" for purposes of coverage under the policy. *Id.* at 13, 14.

On March 29, 2022, Mt. Hawley moved for "Entry of Final Judgment" on its declaratory judgment claim.  Doc. [56].  On April 12, 2022, the City moved for reconsideration of the Court's dismissal of its counterclaim and denial of leave to amend.  *See* Doc. [57] at 2-3.

DISCUSSION

## I.      The City's Motion for Reconsideration

The Court "construes motions for reconsideration of non-final orders as motions under Rule 60(b) of the Federal Rules of Civil Procedure."  *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) (citing *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999)); *see also Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (quoting *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003)) ("[M]otions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'").  Rule 60(b) provides in relevant part that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; . . . [or] (6) any other reason that justifies relief."  "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."  *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).  A motion for reconsideration "is not a vehicle for simple reargument on the merits."  *Broadway*, 193 F.3d at 990.  If a party does no more than present the same argument a second time, that "ground alone is sufficient" to deny the motion.  *Id.*

### A. Counterclaim

#### 1. Breach of Contract

The City asks the Court to "reconsider its dismissal of Count I of the City's Counterclaim," specifically its conclusion that the ACPE does not independently grant coverage for lost sales tax revenues.  *See* Doc. [58] at 3-5, 6-8.  The ACPE contains one sentence:  "This Policy is changed to include the following even though the item(s) listed may be excluded elsewhere in this policy:  Sales Tax Revenue."  Doc. [15-1] at 43.  According to the City, "an ordinary person of average understanding" would read that provision to mean that "it 'changes' the Policy to provide insurance for lost 'Sales Tax Revenues,' and those revenues are the insured property under the Policy."  Doc. [58] at 5.  That interpretation, the City argues, "affords meaning to the exclusions written in the Policy, which otherwise have been rendered meaningless by the Court's order."  *Id.*  By including the ACPE, the City suggests that "Mt.

2

Hawley was able to satisfy [the City's] desire for evidence of coverage even though [Mt. Hawley] now claims that all [the ACPE] was intended to do was render the exclusions 'inoperable,' not provide basic coverage." *Id.*

The Court addressed the City's ACPE argument in its Dismissal Order.  The Court observed that other provisions in the policy "clearly and unambiguously purport to provide coverage for certain kinds of losses," while the "ACPE contains no language suggesting that it purports to be an additional, independent source of coverage."  Doc. [52] at 8-9.  In addition, the Court held that the very argument the City now restates "would create a conflict between the ACPE and the 'Loss of Sales Tax Revenue Form'":

> If one were to read the ACPE heading as defining sales tax revenue as "additional covered property" and automatically recoverable, Doc. [27] at 8, when the Loss of Sales Tax Revenue Form provides that "Business Income," defined as "Sales Tax Revenue that would have been earned," is recoverable only when it is a result of "direct physical loss of or damage to" certain property, Doc. [15-1] at 30-31, it would render those very clear coverage limitations nugatory. That conflict is unnecessary, though, because as suggested by Mt. Hawley, Doc. [32] at 13, and vindicated by the plain text, the ACPE merely makes the Policy's exclusions inoperative if they might apply to sales tax revenues otherwise meeting the requirements imposed by the coverage provisions.

*Id.* at 9.  Because the ACPE does not resemble the numerous provisions providing coverage under the policy, and because finding otherwise would create tension between provisions of the policy, the Court declines to change its holding as to the ACPE.

In further support of reconsideration, the City argues that the policy is ambiguous and "should be interpreted to afford coverage, not defeat it."  *Id.* at 6-7.  But the City already argued that the contract language was ambiguous, Doc. [11] at 7-10, and the Court disagreed.  *See* Doc. [52] at 5 ("The City's argument . . . disregards the plain language of the [Business Income coverage] provision."); *id.* at 7-8 (applying the same reasoning to the Civil Authority coverage provision); *id.* at 8 ("[B]y its terms, the ACPE does not independently grant coverage for lost sales tax revenues.").  Because the City "does no more than present the same argument a second time," the Court denies reconsideration on Count I.  *Broadway*, 193 F.3d at 990.

### 2. *Vexatious Refusal to Pay*

The City asks the Court to reconsider its dismissal of Count II because "Mt. Hawley did not provide any statutory or case law as to why said counterclaim should be dismissed, separate and apart from its arguments as to Count I."  Doc. [58] at 8.  The Court dismissed Count II

because "when a claimant fails to show a right to coverage under an insurance policy, the claimant cannot thereafter plead that the insurer lacked a reasonable basis to refuse the claim." Doc. [52] at 10 (citing *Robert E. Levy, D.M.D., LLC v. Hartford Fin. Servs. Grp. Inc.*, 520 F. Supp. 3d 1158, 1174 (E.D. Mo. 2021), *aff'd sub nom. Robert Levy, D.M.D., LLC v. Hartford Cas. Ins. Co.*, 2022 WL 2520570 (8th Cir. July 7, 2022)).  Because the City fails to identify a basis for reconsideration of its breach of contract claim, it also fails to undermine the Court's corollary conclusion as to Count II.

### 3. Fraudulent Inducement/Misrepresentation

The City asks the Court to reconsider its dismissal of Count III because it identified a "corporate entity as the 'person' making the misrepresentation," which the City argues "was sufficient to comply with Rule 9(b)."  Doc. [58] at 9 (citing *Ward Hyundai, Inc. v. Zurich Am. Ins. Co.*, 2015 WL 249355 at *4 (E.D. Mo. Jan. 20, 2015)).

The Court already considered, and rejected, that exact argument.  In its Dismissal Order, the Court reasoned that the "City erroneously relies upon *Ward Hyundai* . . .," which the Court found distinguishable because the plaintiff in that case "specifically identified the defendant's agent responsible for making the allegedly fraudulent misrepresentations."  Doc. [52] at 11 (citing *Ward Hyundai*, 2015 WL 249355, at *4).  Unlike the plaintiff in *Ward Hyundai*, the City failed "to identify with any degree of specificity the agent responsible for Mt. Hawley's allegedly fraudulent statements[.]"  *Id.*  Because the City has done "nothing more than reargue . . . the merits of [its] claim," *Broadway*, 193 F.3d at 989-90, the Court denies its motion for reconsideration on that basis.[1]

### 4. Negligent Misrepresentation

The City does not explicitly request reconsideration of the Court's ruling on Count IV, but instead groups Count IV in with Count III, noting that it "has pled ample facts, pre-discovery, supporting the allegedly negligent misrepresentations."  Doc. [58] at 9.  Even if it had requested reconsideration, it would be denied because the City never addresses the basis for the Court's dismissal of its negligent misrepresentation claim:  that the claim "is not independent from the City's breach of contract claim."  Doc. [52] at 12.  Ignoring the principle that a party

---

[1] The City also fails to address the Court's alternative reason for dismissal of Count III:  that Missouri law bars the assertion of a tort claim that is dependent on the conduct forming the basis of the breach of contract claim.  *See* Doc. [52] at 11-12.

bringing a "breach of contract claim cannot also bring a tort claim dependent on the same elements," *id.* (quoting *Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co.*, 2006 WL 1722278, at *2 (E.D. Mo. June 19, 2006)), the City merely regurgitates the facts it pled in its counterclaim. *See* Doc. [58] at 9.  Review of those allegations does not fall within the "limited function" of a motion for reconsideration, which is "to correct manifest errors of law or fact or to present newly discovered evidence."  *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).  Thus, to the extent the City seeks reconsideration of the Court's ruling on Count IV, the Court denies it.

### 5. *Breach of Fiduciary Duty*

The City asks the Court to reconsider its dismissal of Count V because it "pled adequate facts . . . to establish the very real existence of a special fiduciary relationship between Mt. Hawley and the City with respect to the issuance of the Policy, and that Mt. Hawley breached that duty by failing to provide the expected insurance coverage."  Doc. [58] at 10.  Once again, the City again points to no error or newly discovered evidence but simply restates, largely verbatim, its original argument in opposition to dismissal.  *See* Doc. [27] at 24-25.  Because the City has done "nothing more than reargue . . . the merits of [its] claim," *Broadway*, 193 F.3d at 989-90, the Court denies its motion for reconsideration as to Count V.

## B.  Leave to Amend

The City requests that the Court reconsider its denial of leave to amend the City's counterclaim to include allegations that COVID-19 was present in the covered locations. Insisting that its "claims have merit under law and, therefore, the amended counterclaim would not be futile," Doc. [58] at 11, the City argues that it "should have been granted leave to amend its counterclaims."[2]  *Id.*

---

[2] According to the City, "the Court has not specifically ruled on the separate Motion for Leave to Amend; although it did delay the scheduling order."  Doc. [58] at 11.  Five months after it filed its opposition to the motion to dismiss, the City filed a Motion for Leave to Amend its Counterclaim or, in the Alternative, Stay the Case Management Order, citing only timing considerations and attesting that the proposed amendment would "not affect the legal arguments briefed by the parties" with respect to the motion to dismiss.  Doc. [39] at 2.  The Court addressed the City's timing concerns by granting the alternative relief requested.  Doc. [45].  The City made no substantive argument in its separate motion for leave to amend that went unaddressed.  Doc. [39].  In the Dismissal Order, the Court addressed only the request for leave to amend that was contained in the City's opposition to the motion to dismiss.  *See* Doc. [27] at 11 n.3; Doc. [52] at 13-15.

In its Dismissal Order, citing numerous comparable cases, the Court held that "granting leave . . . would be futile" because "the presence of COVID-19 does not cause a 'direct physical loss of or destruction to property' for purposes of Business Income or Civil Authority coverage." Doc. [52] at 14 (citing *Lindenwood Female College v. Zurich Am. Ins. Co.*, 2021 WL 5050065, at *4-5 (E.D. Mo. Nov. 1, 2021); *Santo's Italian Café LLC v. Acuity Ins. Co.*, 15 F.4th 398, 401-03 (6th Cir. 2021); *Gilreath Fam. & Cosm. Dentistry, Inc. v. Cincinnati Ins. Co.*, 2021 WL 3870697, at *2 (11th Cir. Aug. 31, 2021)). The City does not identify any legal or factual error or any newly discovered evidence; therefore, the Court declines to reconsider its denial of leave to amend. *See Arnold*, 627 F.3d at 721.

## II.   Mt. Hawley's Motion for Judgment on the Pleadings

Mt. Hawley requests "that the Court enter final judgment in this matter" because the Court "resolved the coverage dispute at issue in this case" in its Dismissal Order, dismissing Defendant's counterclaim on all counts. *See* Doc. [56]. While Mt. Hawley requests "entry of final judgment," its motion is entitled "Motion for Judgment on the Pleadings *Entry of Final Judgment*" on the docket, Doc. [56]. Likewise, the City interprets Mt. Hawley's motion as a request "to have this Court enter a judgment on the pleadings." Doc. [58] at 2; *see also id.* at 2-3 (laying out the standard of review for judgment on the pleadings). Therefore, the Court construes Mt. Hawley's request as a motion for judgment on the pleadings. *See* Doc. [56].

Rule 12(c) of the Federal Rules of Civil Procedure provides that after the pleadings are closed, a party may move for judgment on the pleadings. "Judgment on the pleadings should be granted only if the moving party clearly establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citing *Lion Oil Co., Inc. v. Tosco Corp.*, 90 F.3d 268, 270 (8th Cir. 1996)). A motion under Rule 12(c) is governed by the same standards as a motion under Rule 12(b)(6). *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010). When the plaintiff moves for judgment on the pleadings, the Court accepts as true "all well-pleaded material allegations of the pleadings of the opposing party[,]" *Nationwide Mut. Ins. Co. v. Harris Med. Assocs., LLC*, 973 F. Supp. 2d 1045, 1050-51 (E.D. Mo. 2013), even if it appears that "actual proof of those facts is improbable," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). But a court's obligation to accept the allegations contained in the non-moving party's pleading does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although legal

conclusions can provide the framework for a pleading, the pleader must support them with factual allegations. *Id.* at 679. The Court reviews the plausibility of the claim or defense "as a whole, not the plausibility of each individual allegation." *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010). "When considering a motion for judgment on the pleadings . . . the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp.*, 186 F.3d at 1079 (internal citations omitted).

Mt. Hawley argues that it "is entitled to entry of a final judgment declaring: (1) that there is no coverage under the Policy for the City's Claim; and (2) that [it] does not owe the City any sums under the Policy in connection with the Claim." Doc. [56] at 2. According to Mt. Hawley, the Court "resolved the single coverage issue underlying all claims in this litigation in favor of Mt. Hawley" and "already ruled that there are no material facts in dispute by dismissing the City's Counterclaim with prejudice and finding that it would be futile for the City to amend its Counterclaim. . . ." Doc. [59] at 1-2. The City responds that, apart from the ACPE, "all the coverage language in the Policy is ambiguous, circuitous, and difficult to interpret." Doc. [58] at 3. The City maintains that "material facts remain at issue as to the proper interpretation of the Policy." *Id.* at 5.

The Court agrees with Mt. Hawley that the Dismissal Order resolved the single coverage issue underlying both the City's counterclaim and Mt. Hawley's request for declaratory relief. *See* Doc. [52] at 5-9. The Court addressed the City's arguments that the policy was ambiguous, finding that the plain language of the Business Income and Civil Authority provisions requires "direct physical loss of or damage to the property," and that the City alleges no such loss or damage. *Id.* And the Court denied the City leave to amend its counterclaim to allege the physical presence of COVID-19 because, based on a survey of comparable cases, "[g]ranting leave here would be futile." *Id.* at 14; *see supra* at 1, 5-6. The Court also addressed and rejected the City's alternative argument that, to "an ordinary person of average understanding," the ACPE "'changes' the Policy to provide insurance for lost 'Sales Tax Revenues,' and that those revenues are the insured property under the Policy." Doc. [58] at 5; *see also supra* at 2-3; Doc. [52] at 9.

Based on the Court's Dismissal Order, Mt. Hawley "has clearly establishe[d] that there are no material issues of fact and that it is entitled to judgment as a matter of law." *Porous Media Corp.*, 186 F.3d at 1079.  Therefore, the Court grants Mt. Hawley's Motion for Judgment on the Pleadings.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration, Doc. [57], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment on the Pleadings, Doc. [56], is **GRANTED**.

A separate Judgment accompanies this Memorandum and Order.

Dated this 16th day of March, 2023.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

8